**Duane JENSEN, Plaintiff—Appellant,**

v.

**Patrick KELLY, Sgt.; et al., Defendants—Appellees.**

**No. 04–16912.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 16, 2006.

Filed June 26, 2006.

Cal J. Potter, III, Esq., Michael Weisman, Esq., Potter Law Offices, Las Vegas, NV, for Plaintiff–Appellant.

Peter M. Angulo, Esq., Rawlings Olson Cannon Gormley & Desruisseaux, Las Vegas, NV, for Defendants–Appellees.

---

* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

Before: LEAVY and RYMER, Circuit Judges, and MOSKOWITZ,* District Judge.

MEMORANDUM **

Duane Jensen appeals the district court's order granting summary judgment to his employer, the Las Vegas Metropolitan Police Department (LVMPD), in this civil rights action arising out of statements he made to an inmate and in an interview. We vacate and remand.

The district court determined that Jensen's speech was a response to an inmate's private query and was a private suggestion to report an instance of officer misconduct. However, since its decision, the Supreme Court issued an opinion in *Garcetti v. Ceballos*, —— U.S. ——, 126 S.Ct. 1951, 164 L.Ed.2d 689 (2006). *Ceballos* reaffirms that the fact that an employee expresses his views privately at work, rather than publicly, is not dispositive. *See also Rankin v. McPherson*, 483 U.S. 378, 387 n. 11, 107 S.Ct. 2891, 97 L.Ed.2d 315 (1987) ("The private nature of the statement does *not* ... vitiate the status of the statement as addressing a matter of public concern." (emphasis added)); *Nunez v. Davis*, 169 F.3d 1222, 1228 (9th Cir.1999) ("There is no legal requirement that a public employee's speech be made public in order to constitute speech on a matter of public concern."); *Hyland v. Wonder*, 972 F.2d 1129, 1138–39 (9th Cir.1992) ("Neither the Amendment itself nor our decisions indicate that this freedom is lost to the public employee who arranges to communicate privately with his employer rather than to spread his views before the public. We decline to adopt such a view of the First Amendment."). To the extent that the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

district court's opinion treats the private nature of the speech as the critical ingredient, it is not consistent with this authority.

*Ceballos* also indicates that First Amendment protection for a public employee turns on whether he is speaking as a citizen, or pursuant to his official duties. Neither the parties, nor the district court, had this rule in mind, and the record does not indicate the scope of Jensen's official duties when responding to an inmate's private query. Therefore, we decline to make the *Ceballos* ruling in the first instance. Accordingly, we vacate the judgment and remand for the parties, and the court, to revisit whether summary judgment is indicated in light of *Ceballos.*

It also appears that the district court did not resolve Jensen's state law claims and LVMPD's contention that it cannot be held liable in its official capacity. We decline to address the parties' arguments in the first instance. We leave these issues to the district court upon remand.

VACATED AND REMANDED.